## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6509 | DATE | 2/4/2003 |
| CASE TITLE | Jorge Gutierrez vs. Schoen Machinery USA, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for ____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for ____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for ____ at _____.
(7) ☐ Trial[set for/re-set for] on ____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' removal is untimely, and plaintiff's motion to remand is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| WAH | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 1 0 2003

JORGE GUTIERREZ, )
)
Plaintiff, )
)
vs. ) No. 02 C 6509
)
SCHOEN MACHINERY USA, INC., )
AMERICAN SHOE MACHINERY COMPANY,)
AMERICAN & SCHOEN MACHINERY )
COMPANY, SCHOEN & CIE AG, SCHOEN & )
SANDT, AG, and DIETER URBAN, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, alleging that he was injured due to a defective machine, sued in state court a number of companies he referred to collectively as "Schoen." Those companies, which allegedly designed and manufactured the machines, are Schoen Machinery U.S.A., Inc.; American Shoe Machinery Company; American & Schoen Machinery Company; Schoen & CIE, AG and Schoen & Sandt AG. He also sued Dieter Urban, a Schoen employee, who allegedly serviced the machines. The complaint specified the damages to be in excess of $30,000.

Because the complaint did not specify whether the amount in controversy exceeded $75,000, exclusive of costs, two of the defendants filed on July 11, 2002, a request to admit, that plaintiff has suffered injuries that would justify an award of damages in excess of $75,000, exclusive of costs. Plaintiff did not respond. Pursuant to LR 81.2, the failure of the plaintiff "to serve a timely denial" is one way of establishing that the damages sought exceed the

jurisdictional amount. It states that "the occurrence of the event giving rise to a deemed admission" triggers the right to removal.

Defendants removed the case on September 12, 2002. Plaintiff moves to remand. Some of the grounds are insubstantial, or appear to be such. Plaintiff contends that defendants failed to comply with LR 81.2 because they did not include a statement of their good faith belief that the damages exceeded the jurisdictional amount. But such a statement is not required when the defendants comply with one of the alternatives, and one alternative is plaintiff's failure to serve a timely denial. There is no reason for an expression of belief by a defendant when a plaintiff, by silence, has admitted that he believes his injuries justify damages exceeding $75,000. Further, it is represented by defendants, and not disputed, that Schoen Machinery USA, Inc., while a subsisting Illinois corporation at the time of the accident, was merged with American Shoe Machinery Company prior to the time the action was filed to form a new corporation, American & Schoen Machinery Company. At that time the Illinois company ceased to exist, although its responsibility for acts on its watch continued. We look, then, to the citizenship of the merged company, not its predecessor, Sentry Marketing, Inc. v. Unisource Worldwide, Inc., 43 F.Supp.2d 188 (N.D.N.Y, 1999). There is complete diversity. Further, we are not aware of any requirement that the entire state court file be attached to the removal notice. Customarily the defendant includes what is necessary to establish the right to remove. If it omits something of significance, plaintiff, who is familiar with the state court record, can bring it to the court's attention. He has not done so here. There is complete diversity.

The real issue here is whether or not the removal was timely. "[A] notice of removal

may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendants' removal was timely, then, only if it was filed within 30 days of the event giving rise to the deemed admission of the amount in controversy. LR 81.2.

Under Illinois Supreme Court Rule 216, plaintiff had 28 days after service of the request to admit in which to respond, after which time the submitted facts are deemed admitted. The parties dispute what event gave rise to the deemed admission. Plaintiff asserts that service of the request to admit occurred on July 11, 2002, and that, accordingly, the last day to timely respond to the request was 28 days later, August 8, 2002. In contrast, defendants state that plaintiff's response was due on August 12, 2002 (dfts' notice of removal, ¶ 30). Their reasoning is that the request to admit was sent by mail and, under Illinois Supreme Court Rule 12(c), service was not completed until four days later, July 15, 2002. They argue that plaintiff could have mailed back his denial 28 days later, on August 12, 2002, and allowing four days for delivery and receipt, they did not know for certain that plaintiff had failed to respond until August 16, 2002. They assert that this actual knowledge of the failure to admit was the event which began the 30-day period.

But even assuming that defendants' request for admission was served on July 15 rather than July 11, 2002, plaintiff's response was due on or before August 12, 2002. If mail service was the response method chosen, plaintiff would have had to mail by August 8, 2002, in order to timely respond.. Plaintiff's failure to respond occurred, at the latest, on August 12, 2002. At this point the 30-day window in which to remove began. Defendants filed their notice of

removal on September 12, 2002, 31 days after the event giving rise to the deemed admission.

Defendants' removal is untimely, and plaintiff's motion to remand is granted.[1]

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 4, 2003.

---

[1] We note that the removal statute is to be interpreted narrowly and that any ambiguity is to be resolved in favor of the state. See Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Cook v. Travelers Companies, 904 F.Supp. 841, 842 (N.D.Ill. 1995) (the 30-day period is mandatory and cannot be extended by the parties' consent or court order).